**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| v. | * | Case No. 17-401-PWG |
| **JAMES ERVIN WESTRAY, III** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

This Memorandum Opinion and Order addresses Defendant James Ervin Westray, III's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), (Def.'s Mot., ECF No. 31). Mr. Westray is currently incarcerated at Federal Correctional Institution ("FCI") Fort Dix, serving a sentence of 132 months. J. 2, ECF No. 27. Mr. Westray now seeks compassionate release. Def.'s Mot. I have reviewed all the materials[1] and find a hearing unnecessary. *See* Loc. R. 105.6 (D. Md. 2021). For the reasons discussed below, Mr. Westray's motion is **DENIED**.

**BACKGROUND**

On July 26, 2017, Mr. Westray was charged in a three-count Indictment with possession with intent to distribute controlled substances, in violation of 21 U.S.C. § 841 (Count One), felon in possession of a firearm, in violation of 18 U.S.C. § 9422(g)(1) (Count Two), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 28 U.S.C. § 924 (Count Three). Indictment, ECF No. 1. On December 14, 2017, Mr. Westray pled guilty to Count One and Count Three of the Indictment pursuant to a plea agreement. Rearraignment 1, ECF No. 14; *see also* Plea Agreement, ECF No. 15. On February 26, 2018, this Court sentenced Mr. Westray to a term of 72

---

[1]  The motion is fully briefed. *See* ECF Nos. 31 and 38. Mr. Westray did not file a reply and the time to do so has passed. *See* Letter Order, ECF No. 36 (setting a due date of June 4, 2021 for Defendant's Reply).

months on Count One and 60 Months on Count Three, to run consecutively, for a total of 132 months' imprisonment. J. 2. Mr. Westray's expected release date is November 4, 2026. https://www.bop.gov/inmateloc/ (last visited June 3, 2022).

Mr. Westray now moves for compassionate relief, citing bronchitis, obesity, and previous heart surgery as extraordinary and compelling reasons justifying early release. Def.'s Mot. 5. While Mr. Westray has not referenced COVID-19 in his motion, as a *pro se* defendant, the Court will construe his pleading liberally. *See Erickson v. Pardus*, 5511 U.S. 86, 94 (2007).

The Government opposes Mr. Westray's release, arguing that Mr. Westray has failed to meet the burden required for a compassionate release to be granted. Gov't Opp'n, ECF No. 38. The Government concedes that Mr. Westray has exhausted his administrative remedies but asserts that he has failed to demonstrate extraordinary and compelling reasons to justify release. Gov't Opp'n 12. The government submits that Mr. Westray has declined vaccination against COVID-19 and he does not present a medical condition that places him at enhanced risk during the pandemic. Gov't Opp'n Ex. 3, at 25, 32.

## DISCUSSION

Ordinarily, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see United States v. High,* 997 F.3d 181, 185 (4th Cir. 2021). However, there is an exception when modification is "expressly permitted by statute." 18 U.S.C. § 3582(c)(1)(B). Here, Mr. Westray requests a modification of his sentence for "compassionate release" under the First Step Act, as amended.[2] The First Step Act permits a defendant to petition a federal court

---

[2] The "compassionate release" provision of the 1984 First Step Act, codified at 18 U.S.C. § 3582(c)(1)(A)(i), permitted a court to alter a sentence only upon a motion by the Director of the BOP. In 2018 Congress amended the compassionate release mechanism when it enacted the First Step Act of 2018. *See* Pub. L. 115-391, 132 Stat. 5239 (2018). As amended, the compassionate release provision allows the Court to act on a motion for compassionate release filed by a defendant.

directly after exhausting all administrative rights whenever "extraordinary and compelling reasons" warrant a reduction in sentence. 18 U.S.C. § 3582(c)(1)(A)(i). Under the statute, I must do the following: (1) determine whether the petitioner has fully exhausted all administrative remedies or 30 days have passed since the Bureau of Prisons ("BOP") received the request; (2) determine whether "extraordinary and compelling reasons" warrant a sentence reduction that is "consistent" with applicable policy statements issued by the Sentencing Commission; and (3) consider the sentencing factors set forth in 18 U.S.C. § 3553(a) "to the extent that they are applicable." *Id.* § 3582(c)(1)(A).

I. **Administrative Exhaustion**

A court may only consider a prisoner's motion for compassionate release if the prisoner has "fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf" or if 30 days have passed since the warden of a defendant's facility received such a request. 18 U.S.C. § 3582(c)(1)(A). This condition is satisfied. On December 23, 2020, Mr. Westray submitted a written request to the warden for compassionate release, to which Mr. Westray received no response. Def.'s Mot. 3. The Government concedes that Mr. Westray has exhausted his administrative remedies and is entitled to petition the Court for relief. Gov't Opp'n 12; *see also* Def's Mot. 3.

II. **Extraordinary and Compelling Reasons**

Second, I must determine whether "extraordinary and compelling reasons" warrant a sentence reduction and that such a reduction is "consistent" with Sentencing Commission statements. 18 U.S.C. § 3582(c)(1)(A). The Fourth Circuit has found that there is no applicable policy statement that governs a defendant's motion for compassionate release. *High*, 997 F.3d at 186 (citing *United States v. McCoy*, 981 F.3d 271, 281 (4th Cir. 2020)). Additionally, I join with

3

the majority of courts in finding that 18 U.S.C. § 3582(c)(1)(A)(i), as amended, grants courts with independent discretion to decide whether there are "extraordinary and compelling reasons" to modify a sentence, and does not require that a court defer to the Sentencing Commission's policy statements regarding this question. *See United States v. Wise*, Criminal No. ELH-18-72, 2020 WL 2614816, at *7-9 (D. Md. May 22, 2020) (holding the same and collecting cases). As the Fourth Circuit observed, district courts have discretion to independently assess whether circumstances meet the extraordinary and compelling threshold. *McCoy*, 981 F.3d at 281-82. More specifically, "district courts are 'empowered . . . to consider any extraordinary and compelling reason for release that a defendant might raise.'" *Id.* at 284 (citing *United States v. Zullo*, 976 F.3d 228, 230 (2d Cir. 2020)). However, while not binding, the Sentencing Commission's policy statements may provide useful guidance. *Id.* at 279 (citing *United States v. Bryant*, Crim. No. 95-202-CCB-3, 2020 WL 2085471, at *2 (D. Md. Apr. 30, 2020), *aff'd sub nom. United States v. McCoy*, 981 F.3d 271 (4th Cir. 2020)).

The Sentencing Commission's policy statements in U.S.S.G. § 1B1.13 offer guidance here.[3] Section 1B1.13 recites the language of 18 U.S.C. § 3582(c)(1)(A) before it was amended in 2018, including the statement that "the defendant is not a danger to the safety of any other person or to the community." U.S.S.G § 1B1.13(2). The commentary to the policy statement provides four examples of what constitutes "extraordinary and compelling reasons" for a sentence reduction: (1) medical condition of the defendant; (2) age of the defendant; (3) family

---

[3] The Government asserts that the § 1B1.13 criteria are binding on the courts. Gov't Resp. 5-6. But as I have repeatedly held, and as the Fourth Circuit affirmed in *McCoy*, the § 1B1.13 categories are not binding in the compassionate release context. Specifically, the Government stresses the lack of BOP's determination that extraordinary and compelling reasons exist for Mr. Westray. As the Fourth Circuit emphatically stated, such a determination is not required. *McCoy*, 981 F.3d at 284.

circumstances; and (4) a catch-all "other reasons." U.S.S.G. § 1B1.13 app. note 1(A)–(C); *see also McCoy*, 981 F.3d at 280-81.

Mr. Westray moves for compassionate release, citing bronchitis, obesity, and past heart surgery. Def.'s Mot. 1. Mr. Westray contends that the combination of his medical conditions and presumably, the increased risk of life-threatening complications from contracting COVID-19, constitutes extraordinary and compelling reasons for compassionate release. *See id.*

The Fourth Circuit has noted that "COVID-19 raises medical issues in the prison context that are particularly serious — it is highly communicable; it is aggravated by certain other medical conditions; and it can be lethal." *High*, 997 F.3d at 185. Thus, a petitioner can present an extraordinary and compelling reason related to COVID-19. *Id.* The district courts have discretion to determine how to resolve such motions. *Id.* Judges in this Court have found that the standard of extraordinary and compelling reasons was met during the COVID-19 pandemic where defendants have serious medical problems that placed them at high risk for complications if they contracted COVID-19. *See, e.g.*, *United States v. Jennings*, No. 13-cr-46-PWG, 2020 WL 4748462, at *4 (D. Md. Aug. 17, 2020) (citing cases in this Court and other courts, and the application to multiple serious conditions); *but see United States v. Taylor*, No. 17-cr-0268-PWG, 2020 WL 6322620 (D. Md. Oct. 28, 2020), *appeal dismissed*, No. 20-7632, 2021 WL 1784092 (4th Cir. Jan. 13, 2021) (finding that hypertension and high BMI were not sufficient to warrant prisoner's release when the spread of coronavirus in his BOP facility was under control, and prisoner did not show that he would not receive appropriate treatment at his BOP facility, or a nearby medical facility if he were to contract the virus).

Additionally, the judges of this Court have dealt with increased rates of COVID-19 inoculation differently. *Compare United States v. Gregory*, No. CR SAG-13-0034, 2021 WL

1909605, at *5 (D. Md. May 12, 2021) (concluding that the petitioner's COVID-19 vaccination removed his pulmonary-related conditions from the category of risk constituting an "extraordinary and compelling reason"), *and United States of America v. Dion Alexander, Defendant.*, No. CR RDB-16-364, 2021 WL 2661395, at *3 (D. Md. June 29, 2021) (taking into account falling COVID-19 infection figures and rising vaccinations when denying that petitioner had "extraordinary and compelling" reasons for release), *with United States v. Spriggs*, No. CR CCB-10-354, 2021 WL 1856667, at *3 (D. Md. May 10, 2021) (finding that petitioner's receipt of one vaccination shot did not greatly decrease the court's concern regarding his vulnerability to COVID-19 when he had underlying medical conditions and there are new variants of COVID-19). Therefore, this Court does take vaccination status into account when evaluating a motion for compassionate release. Here, Mr. Westray has declined to receive the COVID-19 vaccine. Gov't Opp'n Ex. 2, p.7.

Vaccines are effective at preventing COVID-19, but because effectiveness is not guaranteed and there are unknowns regarding the extent and duration of the vaccine's protection, there may still be concern for particular individuals' increased risk of severe illness, even if fully vaccinated. *See Spriggs*, 2021 WL 1856667, at *2–3 (noting that "a vaccine does not negate that [the defendant's] underlying health conditions make him eligible"). It is impossible to predict the impact of the various COVID-19 vaccines on future strains of this virus, just as it is impossible to predict the impact of COVID-19 on Mr. Westray's specific medical issues. Certainly, the situation regarding COVID-19 is rapidly evolving, and new information about the virus and risk factors must be taken into account, as well as the changing conditions at prison facilities, for better or worse.

The Government argues that Mr. Westray's conditions fail to establish extraordinary and compelling circumstances because his medical conditions do not significantly elevate his risk of a severe outcome from contraction of COVID-19. Gov't. Opp'n 13-14. Mr. Westray, at 39, is not in a high-risk age group that would increase his risk of severe sickness from contracting COVID-19.[4] There is no doubt that Mr. Westray's body mass index ("BMI") of as of January 30, 2020, was 25.2, which qualifies as borderline overweight under the CDC guidelines. *See People with Certain Medical Conditions*, CDC (May 22, 2022), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited June 3, 2022). However, it is apparent that this condition is not so serious as to warrant release at this time. Although Mr. Westray contends that he suffers from "obesity," under the CDC guidelines, a BMI of 25.2 is just within the range of overweight. *See id.* Even though a BMI of 25kg/m$^2$ can make an individual more likely to suffer severe illness from COVID-19, I found in *United States v. Waugh-Hixon* that an inmate who had a BMI of 40 did not present extraordinary and compelling circumstances warranting compassionate release. No. 19-cr-137, 2021 WL 4750713 (D. Md. Oct. 12, 2021); *see also United States v. McKay*, No. 18-cr-305, 2020 WL 7398865 (D. Md. Dec. 17, 2020) (holding hypertension and a BMI of 29-30 were not sufficient to demonstrate extraordinary and compelling reasons for compassionate release); *United States v. Carter*, No. 17-529, 2021 WL 307417 (D. Md. Jan. 29, 2021) (holding asthma and a BMI of 29-30 were not sufficient to demonstrate extraordinary and compelling reasons for compassionate release). Moreover, the current status of FCI Fort Dix indicates that the spread of COVID-19 is sufficiently under control.

---

[4] More than 81% of COVID-19 related deaths occur in adults 65 and older, making them an at-risk age group. *See People with Certain Medical Conditions*, CDC (May 22, 2022), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited June 3, 2022).

https://www.bop.gov/coronavirus/ (last visited June 3, 2022). FCI Fort Dix currently has 0 inmates who have tested positive and reports 2 inmate deaths from COVID-19 as of June 3, 2022. *Id.* Additionally, this facility reports that 1,492 inmates have recovered from COVID-19. *Id.* Furthermore, Mr. Westray has failed to demonstrate selfcare by declining the vaccine despite its effectiveness at minimizing COVID-19 related health complications.

At the moment, because Mr. Westray's medical conditions appear nonserious, and because the spread of COVID-19 at FCI Fort Dix is controlled, there are no compelling and extraordinary reasons that would justify compassionate release. However, even if I were to find compelling and extraordinary reasons, an analysis of the sentencing factors would also weigh against Mr. Westray's release.

### III. Sentencing Factors

A finding of "compelling and extraordinary reasons" is a necessary but not sufficient condition for compassionate release. This Court must also consider the factors set forth in 18 U.S.C. § 3553(a) "to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). Those factors are: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the need for the sentence imposed;" (3) "the kinds of sentences available;" (4) the sentencing guideline ranges; (5) "any pertinent policy statement;" (6) "the need to avoid unwarranted sentence disparities among defendants with similar records;" and (7) "the need to provide restitution to the victims of the offense." 18 U.S.C. § 3553(a).

Mr. Westray has a lengthy criminal history dating back to 2001, which reflects a string of criminal charges and convictions including, possession of a firearm without a license, possession of a firearm with a felony conviction, possession of a firearm in furtherance of a drug trafficking crime, attempted possession with the intent to distribute cocaine, possession with the intent to

distribute cocaine, heroin, cocaine base, and marijuana, attempted threats to do bodily harm, and attempted distribution of cocaine. Presentence Investigation Report 2-14, ECF No. 18. In light of Mr. Westray's history, I am not persuaded that he presents no danger to the community.

Considering all of the circumstances, I find that granting release at this time would be inconsistent with the sentencing factors set forth in § 3553(a). Mr. Westray pleaded guilty to possession with the intent to distribute controlled substances and possession of a firearm in furtherance of a drug trafficking crime. The offense here was sufficiently serious to justify the sentence as Mr. Westray's previous convictions gave him a criminal history category of VI. Presentence Investigation Report 13:38-39. While a plea shows Mr. Westray's willingness to take responsibility for his actions, the Court is not convinced that 51 months served, roughly 38% of his total sentence, is sufficient to promote general and specific deterrence as intended by the imposition of Mr. Westray's initial sentence. *See Carter*, 2022 WL 307417, at *4 (finding it inconsistent with the sentencing factors to release defendant with lengthy criminal history who had served roughly a third of his sentence); *see also United States v. Grier*, No. 13-cr-243, 2021 WL 3142024, at *4 (D. Md. July 26, 2021) (finding it inconsistent with the sentencing factors to release a defendant categorized as a "career offender" who had served less than one-third of his sentence).

## CONCLUSION

The Court recognizes the seriousness of the COVID-19 pandemic and the risks that Mr. Westray faces based on his elevated BMI and past heart surgery. Nonetheless, Mr. Westray has not demonstrated compelling and extraordinary reasons that warrant compassionate relief. Further, Mr. Westray's early release would not be consistent with the sentencing factors in 18 U.S.C. § 3553(a). Therefore, Mr. Westray's motion for compassionate release is denied.

**ORDER**

For the reasons stated in this Memorandum Opinion and Order, it is this 21st day of June, 2022, hereby ORDERED that Defendant James Westray's *pro se* Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A) (ECF No. 31) is **DENIED**.

/S/
Paul W. Grimm
United States District Judge